UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────x

ERNESTO PEREZ,

        Plaintiff,

    -against-

CITY OF NEW YORK, POLICE OFFICER
ELVES PINHO, POLICE OFFICER DUSTIN
LEVI, and JOHN and JANE DOE POLICE
OFFICERS 1-4,

        Defendants.
───────────────────────────────────────x

No. 15 Civ. 6603 (FB) (RLM)

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

    Plaintiff Ernesto Perez, by and through his attorneys, Cuti Hecker Wang LLP, for his Complaint alleges as follows:

**NATURE OF THE ACTION**

    1.    On February 4, 2015, Plaintiff Ernesto Perez was standing on the sidewalk of Victory Boulevard in Staten Island with two companions. It was a frigid and quiet night, and Mr. Perez was not breaking any law or causing a disturbance.

    2.    Suddenly, a marked police vehicle pulled up beside where Mr. Perez was standing, and two officers approached him. After initiating this unjustified and baseless encounter, an officer smashed Mr. Perez's head against a gate. The officers then continued the attack by beating Mr. Perez's legs and back with a baton and discharging pepper spray in his eyes.

    3.    As a result of this brutal assault, Mr. Perez had to be rushed to a hospital where his scalp was closed up with multiple staples. Mr. Perez also experienced significant pain in his

back and legs that prevented him from working for a week and continues to cause him significant discomfort. These injuries were the direct result of the unlawful stop and arrest of Mr. Perez and the arresting officers' use of excessive force.

## JURISDICTION AND VENUE

4. This action arises under the United States Constitution, 42 U.S.C. §§ 1983 and 1988, Article I, § 12 of the New York State Constitution, and New York common law.

5. This Court has jurisdiction pursuant to 28 U.SC. §§ 1331, 1343(a), and 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff Ernesto Perez resides at 114 Victory Boulevard #2, Staten Island, New York 10301.

8. Defendant City of New York ("City") was and is a municipality that is a political subdivision of the State of New York. At all times relevant hereto, defendant New York City, acting through the New York City Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel, including the defendants referenced herein. In addition, at all relevant times, the City was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obey the laws of the United States and State of New York.

9. At all times relevant hereto, Police Officer Elves Pinho was a police officer employed by the NYPD, acting in the capacity of an agent, servant and employee of defendant City, and within the scope of his employment as such.

10. At all times relevant hereto, Police Officer Dustin Levi was a police officer employed by the NYPD, acting in the capacity of an agent, servant and employee of defendant City, and within the scope of his employment as such.

11. At all times relevant hereto, defendant Police Officers John Does #1-4 (the "Doe Defendants"), whose actual names and badge numbers are not known to Plaintiff despite reasonable efforts to obtain such information, and who are sued herein by the fictitious designation of "John Doe," were police officers and members of the NYPD. With regard to all relevant events, the Doe Defendants were acting within the scope of their capacity as agents, servants, and employees of the City.

12. At all relevant times, Officer Pinho, Officer Levi, and the Doe Defendants (collectively, the "Officer Defendants") were acting under color of state law.

## JURY DEMAND

13. Plaintiff hereby demands a trial by jury on all of his claims in this action.

## FACTUAL ALLEGATIONS

14. On the evening of February 4, 2015, Ernesto Perez went to visit a friend's apartment on Victory Boulevard in Staten Island. Mr. Perez arrived at the building shortly before his friend, who was on his way home.

15. It was a frigid and quiet February night, and Mr. Perez waited outside with two companions, a friend and one of his cousins.

16. The group was not engaged in any altercation, nor were they causing a public disturbance or impeding pedestrian traffic. Their only reason for being outside was to wait for their friend's return.

17. At approximately 10:35 p.m., a marked police car drove past where Mr. Perez was standing. Without any provocation, the car then backed up and parked beside where he was standing.

18. Without any reasonable suspicion, two officers – Defendant Pinho and Defendant Levi – emerged from the car and approached Mr. Perez.

19. Within moments of approaching Mr. Perez, one or both of the officers shoved Mr. Perez violently against the side of a metal gate, cutting his head and causing his scalp to start bleeding profusely.

20. Even after Mr. Perez was seriously injured, the officers continued to assault him. They sprayed Mr. Perez with pepper spray and hit his legs and back with a baton.

21. While this assault was underway, a second NYPD vehicle arrived with two additional officers. They joined the first two officers in assaulting Mr. Perez and/or failed to intervene while the initial officers continued their attack. One of the additional officers forcefully kneed Mr. Perez in the back while he was on the ground.

22. At no time did Mr. Perez curse at or threaten any of the Officer Defendants.

23. Although Officer Pinho later claimed that Mr. Perez threatened the officers by stating he was "going to kill [the officers] like the two cops in Brooklyn," (referring to the tragic shooting of two NYPD officers the previous week), Mr. Perez did not make any statement to that effect.

24. Mr. Perez did not resist arrest, push, or otherwise use physical force against any officer.

25. As a result of the Officer Defendants' use of excessive force, Mr. Perez was rushed to Richmond University Medical Center, where doctors had to use six staples to dress his head injury and scalp laceration. Mr. Perez also was diagnosed with a leg contusion.

26. After spending approximately two hours in the hospital under police supervision, Mr. Perez was kept in police custody and transferred to an NYPD precinct, where his false imprisonment continued.

27. Mr. Perez arrived at the NYPD precinct sometime after 1:00 a.m. and remained in custody there throughout the night.

28. On the morning of February 5, 2015, Mr. Perez was transported from the precinct to court.

29. Plaintiff ultimately was imprisoned until approximately 5:30 p.m., nearly nineteen hours after his arrest, when he was arraigned on baseless charges filed in Richmond County Criminal Court on Docket No. 2015R1000840.

30. The Officer Defendants created and manufactured false evidence against Mr. Perez that was presented to prosecutors to use against him in legal proceedings. Among other such evidence, Defendant Pinho swore to the demonstrably false allegation that Mr. Perez threatened to kill the Officer Defendants. This allegation, and other false evidence presented by the Officer Defendants, formed the basis of the criminal charges filed against Plaintiff.

31. As a result of Defendant Pinho's false allegations, which he conveyed to the Richmond County District Attorney's Office, Mr. Perez was compelled to return to Court until June 9, 2015, when Plaintiff was granted an adjournment in contemplation of dismissal in Richmond County Criminal Court.

32. As a direct and proximate result of the Officer Defendants' use of excessive force and baseless arrest of Mr. Perez, Mr. Perez has suffered and continues to suffer, *inter alia*, physical pain and suffering, embarrassment, humiliation, emotional harm, and other losses.

33. Plaintiff filed a sworn notice of claim within 90 days after the claims alleged herein arose. The notice was served on Defendants by hand on May 1, 2015.

34. At least 30 days have elapsed since service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

### FIRST CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)
### (Against the Officer Defendants)

35. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

36. At all relevant times, the Officer Defendants were acting under color of state law.

37. The level of force employed by the Officer Defendants was excessive, objectively unreasonable and otherwise in violation of Mr. Perez's constitutional rights.

38. As a result of the aforementioned conduct of Defendants, Plaintiff Perez was subjected to excessive force and sustained damages in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)
### (Against the Officer Defendants)

39. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

40. The Officer Defendants wrongfully and intentionally stopped Mr. Perez without reasonable suspicion, causing him to be detained against his will.

41. The Officer Defendants wrongfully and intentionally arrested Mr. Perez without a warrant and without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

42. Mr. Perez was conscious of this confinement.

43. Mr. Perez did not consent to this confinement.

44. This confinement was not legally privileged.

45. As a direct and proximate result of this false arrest and imprisonment, Plaintiff Perez suffered damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)
### (Against the Officer Defendants)

46. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

47. The Officer Defendants created false evidence against Mr. Perez, including the false allegation that Plaintiff threatened that he was "going to kill [the Officer Defendants] like the two cops in Brooklyn."

48. The Officer Defendants forwarded this false evidence against Mr. Perez to prosecutors, and it was used against Mr. Perez in legal proceedings and in support of baseless charges of Disorderly Conduct, Obstruction of Governmental Administration, and Resisting Arrest.

49. As a result of Defendants' creation and use of false evidence, Mr. Perez suffered a violation of his constitutional right to a fair trial.

50. As a direct and proximate result of this violation, Plaintiff Perez suffered damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)
### (Against the Officer Defendants)

51. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

52. The Officer Defendants had an affirmative duty to intervene on behalf of Mr. Perez, whose constitutional rights were being violated in their presence by other officers.

53. The Officer Defendants failed to intervene to prevent the unlawful conduct described herein.

54. As a result of the foregoing, Mr. Perez was subjected to the use of excessive force and his liberty was unlawfully restricted for an extended period of time.

55. The use of excessive force against Mr. Perez lasted sufficiently long to permit the Officer Defendants a realistic opportunity to intervene in that he was repeatedly struck with a baton even after he had been shoved against a gate and his head severely injured.  He also was detained for a prolonged period of time after the Officer Defendants knew that they lacked probable cause to arrest.

56. As a direct and proximate result of this failure to intervene, Plaintiff Perez suffered damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Assault)
### (Against All Defendants)

57. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

58. The Officer Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted Mr. Perez, in that the Officer Defendants had

the real or apparent ability to cause imminent harmful and/or offensive bodily contact to Mr. Perez, and intentionally did violent and/or menacing acts (including brandishing a baton), which threatened such contact to Mr. Perez, and such acts caused apprehension of such contact in Mr. Perez.

59. At all relevant times, the Officer Defendants were employees of Defendant City acting within the scope of their employment. Defendant City is therefore liable for the officers' wrongdoing under the doctrine of *respondeat superior*.

60. As a direct and proximate result of this assault, Plaintiff Perez has suffered damages in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(Battery)**
**(Against All Defendants)**

61. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

62. The Officer Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously battered Mr. Perez including when they, in a hostile and/or offensive manner, shoved his head against a gate, sprayed him with pepper spray, kneed his back, and used a baton to strike Mr. Perez without his consent and with the intent to cause harmful and/or offensive bodily contact to Mr. Perez.

63. At all relevant times, the Officer Defendants were employees of Defendant City acting within the scope of their employment. Defendant City is therefore liable for the officers' wrongdoing under the doctrine of *respondeat superior*.

64. As a direct and proximate result of this battery, Plaintiff Perez has suffered damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### (Negligent Screening, Hiring and Retention)
### (Against City of New York)

65. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

66. Defendant City, through the NYPD, owed Mr. Perez a duty of care to prevent the physical and mental abuse Mr. Perez suffered at the hands of City employees.

67. Upon information and belief, Defendant City, through the NYPD, owed this duty of care to Mr. Perez because under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that the Officers Defendants' conduct was likely to result in an injury to Mr. Perez or a similarly situated person.

68. Upon information and belief, the Officer Defendants were unfit and incompetent for their positions.

69. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the Officer Defendants were not fit for duty and were potentially dangerous.

70. Upon information and belief, Defendant City's negligence in screening, hiring and retaining the Officer Defendants directly and proximately caused Mr. Perez's injuries.

71. As a direct and proximate result of this negligence, Plaintiff Perez has suffered damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
### (False Arrest and Imprisonment – New York Law)
### (Against All Defendants)

72. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

73. The Officer Defendants wrongfully and illegally detained and imprisoned Mr. Perez against his will by restraining him on the street and then in a police vehicle without probable cause to believe that he had committed any crime, was about to commit any crime, or posed any threat of physical harm to the Officer Defendants or anyone else.

74. The wrongful and false imprisonment of Mr. Perez continued when he was transferred to a local hospital, where he remained under police supervision and in police custody. It then continued during his transfer to an NYPD precinct and later to Richmond County Criminal Court.

75. The wrongful, unjustifiable, and unlawful apprehension, detention, and imprisonment of Mr. Perez was carried out without a valid warrant, without Plaintiff's consent, and without probable cause.

76. Mr. Perez was conscious of this confinement.

77. This confinement was not legally privileged.

78. At all relevant times, the Officer Defendants were employees of the City of New York and the NYPD acting within the scope of their employment. Defendant City is therefore liable to Plaintiff Perez under the doctrine of *respondeat superior*.

79. As a direct and proximate result of this false arrest and imprisonment, Plaintiff Perez suffered damages in an amount to be determined at trial.

### NINTH CAUSE OF ACTION
**(New York State Constitution, art. I, § 12)**
**(Against All Defendants)**

80. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

81. By using excessive force and assaulting Mr. Perez, and by stopping and arresting Mr. Perez without legally sufficient justification, the Officer Defendants deprived Mr. Perez of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 12 of the New York Constitution.

82. In addition, the Officer Defendants conspired among themselves to deprive Plaintiff of his constitutional rights secured by Article I, § 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

83. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers. Said acts by the Officer Defendants were without authority of law and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Mr. Perez of his constitutional rights secured by Article I, § 12 of the New York Constitution.

84. The Officer Defendants were responsible for the deprivation of Plaintiff's state constitutional rights.

85. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

86. As a direct and proximate result of this violation of Plaintiff's state constitutional rights, Plaintiff Perez suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants as follows:

a. Awarding compensatory damages for all physical and emotional distress, anxiety, humiliation, injury to reputation, emotional harm, pain and suffering, career, family and social disruption and other harm, in an amount to be determined at trial;

b. Awarding punitive damages in an amount to be determined at trial;

c. Awarding pre- and post-judgment interest, attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

d. Awarding such other and further relief as this Court may deem just and proper.

Dated: New York, New York
April 15, 2016

By:    /s/Alexander Goldenberg
       Eric Hecker (EH 0989)
       Alexander Goldenberg (AG 1128)
       Daniel Mullkoff (DM 4602)

CUTI HECKER WANG LLP
305 Broadway, Suite 607
New York, New York 10007
(212) 620-2600
ehecker@chwllp.com
agoldenberg@chwllp.com
dmullkoff@chwllp.com

*Attorneys for Plaintiff*